**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIA MATEO and SELESTINO SANCHEZ,

    Plaintiffs,

vs.                                                CASE NO.: 8:03-CV-480-T-17MSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Report and Recommendation (Dkt. 50), entered by Magistrate Judge Mary S. Scriven, on March 8, 2005, and Defendant's objections thereto (Dkt. 51), filed on March 16, 2005. The Magistrate Judge recommended denying Defendant's Motion in Limine on Damages for Medical Expenses (Dkt. 18). After reviewing the Report and Recommendation and considering Defendant's objections, this Court adopts the Magistrate Judge's Report and Recommendation.

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), a party may file written objections to the findings of a Magistrate Judge within ten (10) days of being served with the Report and Recommendation. When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to the factual issue. U.S. v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. Gropp v. United Airlines, Inc., 817 F. Supp. 1558, 1561-62 (M.D.Fla. 1993).

## BACKGROUND

### A. Factual Findings

The facts laid out in the Magistrate Judge's Report and Recommendation (Dkt. 50) are incorporated by reference in their entirety.  Only the key facts are laid out below.

On October 6, 2000, Maria Mateo arrived at Manatee Memorial Hospital (Memorial) in labor.  (Dkts. 1, 8, ¶7).  At 9:35 p.m., her infant (the "minor Plaintiff") was delivered by vacuum assisted vaginal delivery.  (Dkts. 1, 8 ¶32).

The minor Plaintiff has been hospitalized numerous times since birth for various reasons such as sepsis, bronchiolitis, failure to thrive, vomiting, and diarrhea.  (Dkts. 1, 8, ¶36).  Plaintiffs allege that the minor Plaintiff suffers from cerebral palsy and requires twenty-four hour care.  (Dkts. 1, ¶36).  Medicaid has paid for certain of the minor Plaintiff's medical expenses.

On or about April 24, 2003, and pursuant to 42 U.S.C. § 1396p(d)(4)(A), an Irrevocable Supplemental Care Trust ("the Trust") was established for the benefit of the minor Plaintiff with the monies obtained through a settlement with Memorial.  (Dkt. 28).  The Trust provides that, after paying taxes and reasonable fees for trust administration, upon the death of the minor Plaintiff, "[t]he Trustee shall then pay to the Florida Department of Children and Families, or its successor agency, as reimbursement to the Medical Assistance Program of the State of Florida, or to the similar agency in any other state in which the beneficiary may eventually reside, such sums as represent reimbursement for benefits provided by said state to the Beneficiary during the Beneficiary's lifetime."  (Dkt. 18 at Ex. A, ¶ 5.01).

### B.   Procedural History

The procedural history laid out in The Magistrate Judge's Report and Recommendation (Dkt. 50) is incorporated by reference in its entirety.  A brief recount of the procedural history with updates from the Magistrate Judge's Report and Recommendation is laid out below.

On March 17, 2003, Plaintiffs filed suit against Defendant under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 2674, for damages for injuries to the minor Plaintiff allegedly caused by the negligence of Defendant by and through its employees, agents, and servants.  (Dkt. 1). Plaintiffs allege that the minor Plaintiff sustained permanent and total disability as a result of negligent or wrongful acts during the labor and delivery of the minor Plaintiff.  (Dkt. 1).  The

minor Plaintiff's parents asserted a claim for consortium damages. (Dkt. 1). At some point in time, Plaintiffs entered into a settlement with Memorial. (Dkts. 18, 28). Plaintiffs used a portion of the settlement funds to create the Trust. (Dkts. 18, 28).

On July 16, 2004, however, Defendant filed its Motion in Limine on Damages for Medical Expenses. (Dkt. 18). The Magistrate Judge filed her Report and Recommendation on the motion (Dkt. 50) on March 8, 2005. Defendant's objections thereto (Dkt. 51) were filed on March 16, 2005. The Magistrate Judge recommended denying Defendant's Motion in Limine on Damages for Medical Expenses (Dkt 18). Specifically, she recommended: that the Court find that Defendant is not entitled to a set-off for Medicaid payments pursuant to Fla. Stat. § 768.76; that the Court not award damages to Plaintiffs for medical expense charged off by Plaintiffs' medical providers for past medical bills but that the Court allow Plaintiffs to introduce evidence during trial regarding the total sums of the medical bills incurred to the extent relevant for other purposes; that, as to future medical services, no such limitation should be imposed by this Court; and that the Court decline to advise the parties how to allocate or apportion the settlement that was obtained from Memorial to a settlement agreed to by the parties here.

## DISCUSSION

Defendant's objections are all overruled. The Magistrate Judge addressed all of these issues thoroughly. The Defendant laid out seven discernible objections which this Court will address in the same order as the Defendant.

**1. Application of the FTCA: The Magistrate Judge erred in finding, in effect, that state law could expand the Government's liability for damages beyond the FTCA's express limitation.**

Defendant argues that the FTCA immunizes the United States from liability in this case because a private individual under like circumstances would not be liable for damages. This argument is based on the fallacious assertion that the Federal Government's payments into Florida's Medical Assistance program, which were then given to the Plaintiff through Medicaid Payments from the state agency, are like gratuitous gifts from private persons. The gist of the argument is that a private individual offering gratuitous assistance would not be liable in a situation such as this, and, therefore, the defendant in this case should not be liable for damages.

3

However, as addressed below, this Court does not find that the Medicaid payments in this case should be considered gratuitous gifts from the government.

Defendant is correct in asserting that state law "cannot expand the Government's liability beyond that which could flow from an analogous private activity." Scheib v. Florida Sanitarium and Benevolent Association, 759 F. 2d 859, 864 (11th Cir. 1985). Here, however, it is clear that a private individual that was found to be negligent in its offering of medical services would be liable to the Plaintiff for damages no less than those for which the Defendant in this case might be liable; therefore, the objection is overruled.

**2. Statutory Interpretation: The "plain meaning" of statute is not clear in this case.**

Defendant is not entitled to a set-off for Medicaid payments because Fla. Stat. § 768.76 expressly and unequivocally excludes Medicaid payments as an available source for such set-offs. In interpreting this statute, the Magistrate Judge looked to the plain language of the statute to determine the legislative intent. Rollins v. Pizzarelli, 761 So. 2d 294, 297 (Fla. 2000). It is uncontested that Fla. Stat. § 768.76 specifically exempts Medicaid from being considered a collateral source. Defendant argues that the plain meaning of the statute, Fla. Stat. § 768.76, is not clear given the circumstances here. This is simply not true. It is improper for this Court to involve itself in overreaching statutory interpretation and decide that the statute should not apply in this case. The statute clearly states, "[n]otwithstanding any other provision of this section, benefits received under . . . the Medicaid program of Title XIX of the Social Security Acts . . . shall not be considered a collateral source." Fla. Stat. § 768.76(2)(b). Therefore, because the language is unambiguous, it is conclusive and the Court need not engage in further statutory interpretation. Rollins, 761 So. 2d at 297. If Medicaid payments were a collateral source, set-offs might be appropriate, but here, because they are not a collateral source under the statute, set-offs are not appropriate. Therefore, this objection is overruled.

**3. Application of the Statute (Fla. Stat. § 768.76): This Court should apply common law, not statute, when determining whether future payments are proper.**

Defendant also argues that, with regards to future damage payments, common law, and not the statute (Fla. Stat. § 768.76), applies. The defendant relies on Florida Physician's Insurance Reciprocal v. Stanley, 452 So. 2d 514, 516 (Fla. 1984). This case, which predated the

Florida Collateral Source Statute, Fla. Stat. § 768.76, did not deal with set offs; it dealt with admission of evidence. In Stanley, the Court stated, "[w]e believe that the common-law collateral source rule should be limited to those benefits earned in some way by the plaintiff. Governmental or charitable benefits *available to all citizens regardless of wealth or status*, would be admissible for the jury to consider in determining the reasonable cost of necessary future care." Id. at 515 (emphasis added). Even if this rule were to apply to set-offs, as opposed to admissibility of evidence, it would still not apply in this case because Medicaid is a benefit dependant on both *wealth* and *status*. Therefore, the argument that Stanley would mandate a set off for future payments is improper, and the objection is overruled.

**4. Limitations on future care: The Magistrate Judge's recommendation overlooks fact that Plaintiff already chose to work within the Medicaid system in determining that it should not limit future care.**

Defendant argues that the Magistrate Judge overlooks the fact that the Plaintiff already chose to work within the Medicaid system by creating the special needs trust. The Magistrate Judge stated that "the Court should not dictate that a plaintiff be limited in the future to the use of free or subsidized care." (Citing Feeley v. U.S., 337 F.2d 924, 926 (3rd Cir. 1964). (Dkt. 50 pg. 20). "Further, an affirmative set-off would subject Plaintiff to the uncertainty of changing laws and benefits in the future. In the face of this uncertainty, it would be incongruous to deny set-off for known, liquidated, past benefits and permit set-off for uncertain, unliquidated, future benefits." (Dkt. 50 pg. 20). Therefore, this objection is overruled.

**5. U.S. as Defendant: Common law, not the collateral source statute, should apply because the U.S. made direct and gratuitous contributions to the Medicaid payments made to the Plaintiff.**

The Magistrate Judge was correctly not persuaded by Defendant's argument that the Florida collateral source statute, Fla. Stat. § 768.76, should not apply because the legislature "did not contemplate a case where the United States was both the defendant and the source of the Medicaid benefits." (Dkt. 18 at p. 4). As the Magistrate Judge stated, "the Florida Legislature, specifically contemplated that negligence suits would be brought against the state government, a partial funder of the Medicaid program, as evidenced by its inclusion of a waiver of sovereign

5

immunity section in the very same Chapter." (Dkt. 50 at p. 14)(Citing see Fla. Stat. § 768.28; see also Hollis v. School Board of Leon County, 384 So. 2d 661, 663 (Fla. 1st DCA 1980)). The fact that the Federal Government is the defendant, as opposed to the state government, makes no difference in regards to the issue of set-offs in this case. The legislature obviously considered a waiver of government sovereign immunity in negligence suits such as this one, and this case is analogous to one in which the state (the "payer" of Medicaid benefits) is also a defendant. Therefore, even if it is proper to consider the Federal Government the payer of Medicaid benefits, it is improper to assume that this statute should not apply to the federal government in a similar situation.

**6. Directness: Contributions by the U.S. to Medicaid were direct.**

Defendant objects to the Magistrate's finding that the United States' contribution to the Medicaid payments received by the Plaintiff were not direct. The defendant argues that the collateral source statute does not apply because the payment is coming directly from the defendant itself. However, Medicaid payments are not directly made from the Defendant to the Plaintiff. Rather, as the Magistrate Judge noted, by statute, Medicaid payments come from the State Agency, AHCA, not directly form the Federal Government. The Federal Government does not control the disbursement of those funds or the determination of eligibility. Therefore, a hearing on this issue is unnecessary and Defendant's objection is overruled.

**7. Gratuitous Nature: Medicaid payments were gratuitous.**

Defendant argues that the statute should not apply to this case because the payments made to the Plaintiff by the government were gratuitous. Though Medicaid is not a program, like Medicare, which people specifically pay into throughout their life; that does not necessarily make it gratuitous. Medicaid is a statutory entitlement, based on indigence (wealth) and severe disability (status). Also, the Plaintiff here has forfeited substantial monies into the Trust to retain eligibility for Medicaid benefits, which shows that the Medicaid payments have not been completely gratuitous. When the plaintiff dies, there is an obligation that the Trust repay the Medicaid program. This repayment obligation negates any argument that the Medicaid payments are completely gratuitous. Regardless, the Medicaid program is different from other programs as it relates to the collateral source statute, as evidenced by its specific mention in the

statute as *not being a collateral source*. See Fla. Stat. § 768.77.  This is further evidence that the legislature thought Medicaid to be distinct from other government programs.  Thus, other cases dealing with other government programs might not be properly applicable here.  On these grounds, this objection is overruled.

As to portions of the Report and Recommendation not objected to by Plaintiff, the Court finds no clear error.  Accordingly, it is:

**ORDERED** that the Report and Recommendation, (Dkt. 50), be **ADOPTED** and incorporated by reference; Defendant's objections be **OVERRULED**; the Court finds that Defendant is not entitled to a set-off for Medicaid payments pursuant to Fla. Stat. § 768.76; the Court does not award damages to Plaintiffs for medical expense charged off by Plaintiffs' medical providers for past medical bills but that the Court will allow Plaintiffs to introduce evidence during trial regarding the total sums of the medical bills incurred to the extent relevant for other purposes; as to future medical services, no such limitation are be imposed by this Court; the Court declines to advise the parties how to allocate or apportion the settlement that was obtained from Memorial to a settlement agreed to by the parties here; and the Motion in Limine on Damages for Medical Expenses (Dkt. 18) be **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 6th day of July 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

**Copies to: All parties and counsel of Record**
            **Assigned Magistrate Judge**

7